J-S65038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN ALLAN KOVACH | |
| Appellant | No. 361 EDA 2015 |

Appeal from the PCRA Order January 14, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000371-2012
CP-46-CR-0005631-2011

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 17, 2015**

Appellant Stephen Kovach appeals from the order of the Montgomery County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

At CP-46-CR-0000371-2012, Appellant was charged with 33 counts of burglary[1] and 138 related offenses, including robbery, criminal trespass, theft by unlawful taking, receiving stolen property, criminal attempt (theft by unlawful taking), possession of instrument of crime, criminal mischief, and fleeing or attempting to elude police officer.[2]  At CP-46-CR-0005631-2011,

---

[1] 18 Pa.C.S. § 3502(a).

[2] 18 Pa.C.S. §§ 3701(a)(1)(v), 3503(a)(1)(ii), 3921(a), 3925(a), 901(a), 907(a), 3304(a)(5), and 75 Pa.CS. § 3733(a), respectively.

Appellant was charged with possession of a controlled substance with intent to deliver, possession of a controlled substance, and possession of drug paraphernalia.[3]

On December 3, 2012, Appellant pled guilty to one count of robbery and one count of burglary at CP-46-CR-0000371-2012, and one count of possession at CP-46-CR-0005631-2011. On January 17, 2013, Appellant filed a motion to withdraw his guilty plea. At a June 6, 2013 hearing addressing Appellant's motion, Appellant stated that he wanted to withdraw his motion withdraw his guilty plea. N.T., 6/6/2013, at 8. The trial court permitted Appellant to withdraw his motion to withdraw his guilty plea. *Id.* at 21.

On June 25, 2013, the trial court imposed the following consecutive sentences: 6 to 12 months' imprisonment for possession, 6 to 12 years' imprisonment for burglary, and 3½ to 7 years' imprisonment for robbery, resulting in an aggregate sentence of 10 to 20 years' imprisonment.

On July 3, 2013, Appellant filed a *pro se* post-sentence motion, claiming counsel ineffectiveness. The trial court appointed counsel and conducted a hearing on November 1, 2013. At the hearing, Appellant informed the court that he wished to withdraw his post-sentence motion, waive his right to pursue a direct appeal, and investigate his right to pursue

---

[3] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32), respectively.

the counsel ineffectiveness claims on PCRA. N.T., 11/1/2013, at 9-13. The trial court found Appellant knowingly, voluntarily, and intelligently waived his right to a direct appeal and granted his request to withdraw his post-sentence motion. *Id.* at 14.

On February 25, 2014, after receiving correspondence from Appellant indicating his desire to pursue a PCRA petition, the court appointed counsel.

On September 29, 2014, counsel filed a PCRA petition, raising the claims Appellant wanted to pursue. PCRA Counsel also filed a request to withdraw as counsel and a *Turner/Finley*[4] no merit letter.

On November 6, 2014, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and granted counsel's motion to withdraw. Appellant filed a response. On January 12, 2015, the PCRA court dismissed the PCRA petition. Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

> [1.] Whether trial court erred in not bringing [Appellant] to trial within the time period [p]rescribed by [Pa.R.Crim.P. 600 (A)(2)(e)] and [U.S. Const. amend. VI].
>
> [2.] Whether trial counsel was ineffective for various reasons which include[] failure to file dismissal pursuant to

---

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa.1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

[Pa.R.Crim.P.] 600, failure to object to an illegal sentence, and an involuntary guilty plea. Trial counsel's conduct violated [U.S. Const. amend. VI] and the three prong test in **Commonwealth v. Zook**, 887 A.2d 1218, 1227([Pa.]2005).

[3.] Whether [A]ppellant has a constitutional right to raise a claim of an illegal sentence under [U.S. Const. amend. V, VIII, XIV] as well as Pa. Const. Art 1 § 10 as [A]ppellant received an illegal sentence.

[4.] Whether trial court erred in accepting a plea that was involuntary, unknowing and unintelligent[ly] rendered as a defect was presented by way of illegality of sentence, thereby violating [U.S. Const. amend. V, VIII, XIV].

[5.] [Whether t]he right to raise a claim under a newly recognized right is affirmed under 42 Pa. C.S. § 9545(b)(1), (iii) and its retroactivity is applicable under the watershed rule exception held in [**Teague v. Lane**, 489 U.S. 288 (1989)], and [**Schriro v. Summerlin**, 542 U.S. 348 (2004)].

Appellant's Brief at 3-4.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa.1997)).

Appellant's first claim maintains the Commonwealth violated Pennsylvania Rule of Criminal Procedure 600. Because Appellant could have raised this claim on direct appeal, the claim is waived and PCRA review is unavailable. **See** 42 Pa.C.S. § 9544(b).

Appellant next claims his trial counsel was ineffective for failing to file a Rule 600 motion.

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Ousley**, 21 A.3d at 1244 (quoting **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Id.** "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." **Id.** (quoting **Rivera**, 10 A.3d at 1279). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa.Super.2002) (citing **Commonwealth v. Allen**, 732 A.2d 582 (Pa.1999)).

Pennsylvania Rule of Criminal Procedure 600 provides, in relevant part:

> (A) Commencement of Trial; Time for Trial
>
> (1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.
>
> (2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

. . .

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

. . .

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

Pa.R.Crim.P. 600(A), (C). This Court has further explained:

Rule 600 provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time. The adjusted run date is calculated by adding to the mechanical run date, i.e., the date 365 days from the complaint, both excludable and excusable delay.

Excludable time includes delay caused by the defendant or his lawyer. Concomitantly, excusable delay occurs where the delay is caused by circumstances beyond the Commonwealth's control and despite its due diligence. Due diligence is a fact-specific concept that must be

- 6 -

determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

**Commonwealth v. Roles**, 116 A.3d 122, 125 (Pa.Super.2015) (internal citations and quotation marks omitted).

The PCRA court found:

A criminal complaint was filed in case No. 5631-11 (drug offenses) on July 24, 2011. The mechanical 365-day run date for Rule 600 purposes in that case was thus July 23, 2012. In case No. 371-12 (burglary, *et al),* a criminal complaint was filed on November 29, 2011. The mechanical 365-day run date in that case was thus November 28, 2012. [Appellant] entered his guilty plea in Case No. 5631-11 on December 3, 2012 - 133 days after expiration of the mechanical run date in case No. 5631-11 and five days after expiration of the mechanical run date in case No. 371-12. The record reflects, however, the existence of more than sufficient excludable time for Rule 600 purposes to render meritless any Rule 600 claim in either case.

[Appellant] appeared before the [trial court] on November 22, 2011 for a scheduled Pre-Trial Conference (PTC) in case No. 5631-11. At that time, defense counsel requested that [Appellant's] PTC be rescheduled by [c]ourt [a]dministration in order to be consolidated with other charges "not yet in system" (i.e., the charges ultimately brought in case No. 371-12). [Appellant's] PTC was rescheduled for January 10, 2012. The 49 days between November 22, 2011 and January 10, 2012 thus constitute excludable time for Rule 600 purposes on case No. 5631-11.

At [Appellant's] January 10, 2012 PTC, defense counsel once again asked that [Appellant's] PTC be rescheduled by [c]ourt [a]dministration. [Appellant's] PTC was rescheduled for February 29, 2012. The 50 days between January 10, 2012 and February 29, 2012 thus constitute excludable time for Rule 600 purposes on case No. 5631-11.

At [Appellant's] February 29, 2012 PTC, defense counsel again asked that [Appellant's] PTC be rescheduled by [c]ourt [a]dministration, to be consolidated with a PTC in case No. 371-12. [Appellant's] PTC was rescheduled for May 1, 2012. The 62 days between February 29, 2012 and May 1, 2012 thus constitute[] excludable time for Rule 600 purposes on case No. 5631-11.

On May 1, 2012, [Appellant] appeared before the undersigned for a consolidated PTC in both case No. 5631-11 and case No. 371-12. At this time [Appellant] asked that both cases be place on the [c]all of the [t]rial [l]ist. The cases were scheduled for the July 13, 2012 [c]all of the [t]rial [l]ist, at which time defense counsel requested that the cases be relisted by [c]ourt [a]dministration because of ongoing discovery. The cases were rescheduled for the September 13, 2012 [c]all of the [t]rial [l]ist.

At the September 13, 2012 [c]all of the [t]rial [l]ist, defense counsel requested that both cases be scheduled by the [trial court] for trial. Counsel requested that Case No. 371-12 be tried prior to Case No. 5631-11, and characterized No. 371-12 as a four (4) day jury trial with pre-trial motions. The [trial court] subsequently entered an order scheduling Case No. 371-12 for trial during the week of December 3, 2012, with a status conference scheduled for December 3. [Appellant] then entered his guilty plea during the December 3, 2012 status conference.

As noted above, the mechanical 365-day run date on Case No. 5631-11 was July 23, 2012, with [Appellant] entering his guilty plea on December 3, 2012, 133 days after that mechanical run date. As detailed above, however, [Appellant's] requests for rescheduling resulted in an aggregate excludable time of 161 days, meaning that [Appellant] was scheduled for trial and entered his guilty plea well within the adjusted run date accounting for the period of delay occasioned by [Appellant's] requests. Counsel, further, had requested that Case No. 5631-11 not be tried until after case No. 371-12. Any Rule 600 motion on Case No. 5631-11 would thus have been without merit, and defense counsel cannot be faulted for not filing and litigating such a motion.

In regard to Case No. 371-12, as noted above, the mechanical run date was November 28, 2012. [Appellant], again, entered his guilty plea on December 3, 2012, five days after expiration of that mechanical run date. Pa.R.Crim.P. 600(C)(l) plainly provides, however, that only periods of delay caused by the Commonwealth are included in the computation of the date upon which a defendant must be brought to trial, specifying that "any other periods of delay shall be excluded from the computation." When [Appellant] requested on September 13, 2012 that case No. 371-12 be scheduled by the undersigned for trial, the date upon which [Appellant] was called for trial became subject to the [the trial court's] trial schedule and not to any further action on the part of the Commonwealth. The "delay" between defendant's September 13, 2012 request, that trial be scheduled and December 3, 2012 is thus attributable not to the Commonwealth, but to the necessity of the fitting a four-day jury trial with pretrial motions into the [the trial court's] trial calendar. In this regard we note that, while [Appellant's] mechanical run date expired on Wednesday November 28, 2012, [Appellant] was called for trial and entered his guilty plea on Monday December 3, 2012, only five days later. Any Rule 600 claim on Case No. 371-12 would thus have been without merit, and defense counsel cannot be found ineffective for not litigating such a claim.

Pa.R.A.P. 1925(a) Opinion, 4/8/2015, at 8-11. The PCRA court did not err when it found the Rule 600 claim, and the counsel ineffectiveness claim for failing to raise the Rule 600 claim, was meritless.

Appellant's third, fourth, and fifth issues maintain the trial court used an improper offense gravity score when sentencing Appellant, which resulted in an unknowing and involuntary plea and/or an illegal sentence. He claims he pled guilty to burglary when no one was present, but the trial court used the offense gravity score applicable to a burglary when someone was present. *See* Appellant's Brief at 16-26. Appellant also maintains that the

trial court's use of an allegedly inaccurate offense gravity score violated ***Alleyne v. United States***, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

To the extent Appellant challenges his sentence based on an allegedly inaccurate offense gravity score, his claim is a challenge to the discretionary aspect of his sentence. ***See Commonwealth v. Lamoda***, 52 A.3d 365, 371-72 (Pa.Super.2012). Such challenges are not cognizable on PCRA and is waived because he could have raised it on direct appeal. 42 Pa.C.S. § 9543.

Further, to the extent Appellant claims counsel was ineffective for failing to challenge the sentence, the claim also fails. The PCRA court found the claim meritless. 1925(a) Opinion, 4/8/2015, 12-14. Appellant pled guilty to one count of burglary and the Commonwealth *nolle prossed* the remaining 32 counts of burglary. Appellant admitted to the facts contained in the affidavit, which included burglary counts where no one was present and burglary counts where individuals were present. Further, at the hearing on Appellant's motion to withdraw his guilty plea, Appellant admitted that persons were present in the home for one of the burglaries. N.T., 6/6/2013, at 10. The trial court did not err in using the offense gravity score applicable to a burglary where an individual was present and the PCRA court did nor err in finding this claim meritless. Because the underlying claim is meritless, counsel is not ineffective for failing to raise it. ***See Ousley***, 21 A.3d at 1244.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2015